CAUSE NO. 910040'7-C

| | | |
|---|---|---|
| HAROLD ROMERO and<br>GEORGIA ROMERO | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | ORANGE COUNTY, TEXAS |
| ALLSTATE INSURANCE COMPANY,<br>ALLSTATE TEXAS LLOYDS, ALLSTATE<br>PROPERTY AND CASUALTY<br>INSURANCE COMPANY, and MISTY<br>WALTERS | §<br>§<br>§<br>§<br>§ | 163 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HAROLD ROMERO AND GEORGIA ROMERO ("Plaintiffs") and file this Plaintiffs' Original Petition, complaining of ALLSTATE INSURANCE COMPANY, ALLSTATE TEXAS LLOYDS, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ("Insurance Companies"), and MISTY WALTERS ("Insurance Agent") (and collectively "Defendants") and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

2. Plaintiffs are individuals residing in Orange County, Texas.

3. Defendant, ALLSTATE INSURANCE COMPANY is a duly licensed insurance company authorized and qualified to do business in the State of Texas for the purpose of

EXHIBIT C

writing insurance. ALLSTATE INSURANCE COMPANY may be served by serving its registered agent for service CT Corporation 350 N. St. Paul Street, Dallas, Texas 75201.

4. Defendant, ALLSTATE TEXAS LLOYD'S is a duly licensed insurance company authorized and qualified to do business in the State of Texas for the purpose of writing insurance. ALLSTATE TEXAS LLOYD'S may be served by serving its registered agent for service CT Corporation 350 N. St. Paul Street, Dallas, Texas 75201.

5. Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY is a duly licensed insurance company authorized and qualified to do business in the State of Texas for the purpose of writing insurance. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY may be served by serving its registered agent for service CT Corporation 350 N. St. Paul Street, Dallas, Texas 75201.

6. Defendant, MISTY WALTERS, a domestic insurance agent authorized to conduct the business of insurance in Texas, whose principle place of business is 395 Texas Ave., Bridge City, Texas 77611, MISTY WALTERS may be served with process by serving her at 395 Texas Ave., Bridge City, Texas 77611.

### III. JURISDICTION

7. The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

8. The court has jurisdiction over Defendant Insurance Company because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

9. The court has jurisdiction over Defendant Adjuster because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

10. The court has jurisdiction over Defendant Insurance Agent because this defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## IV. VENUE

11. Venue is proper in Orange County, Texas, for the following reasons:

    a. Plaintiffs are resident citizens of Orange County, Texas.

    b. The property made the basis of this lawsuit is located in Orange County, Texas.

    c. One or more of the Defendants, for the purposes of venue, are considered resident citizens of Orange County, Texas.

    d. One or more of the Defendants, for the purposes of venue, have their principal place of business in Orange County, Texas.

    e. All or part of the acts or omissions that form the basis for one or more of Plaintiffs' causes of action occurred in Orange County, Texas.

## V. FACTS

12. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by or for, the Insurance Company.

13. Plaintiffs own the insured property, which is specifically located at 5236 Highlander, Orange, Texas (hereinafter referred to as "the Property." "The Property" includes the homes and all adjacent structures and improvements located at this site.).

14. The Insurance Company sold the Policy (believed to be Policy No. 229109075) insuring the Property, to Plaintiffs.

15. On or about September 12, 2008, in the late evening going into the early morning hours of September 13, 2008, Hurricane Ike struck Southeast Texas, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including Plaintiffs' residence. As a result of Hurricane Ike, Plaintiffs' property and home sustained catastrophic wind damage. Plaintiffs also sustained significant damage to their personal belongings and contents within the home. Immediately after the storm, Plaintiffs filed an insurance claim with the Insurance Company for the damages to their home caused by Hurricane Ike.

16. Plaintiffs submitted a claim to the Insurance Company against the Policy for roof damage, water damage, wind damage, structural damage and contents damage to the Property sustained as a result of Hurricane Ike.

17. Plaintiffs asked that the Insurance Company cover the cost of repairs to the Property pursuant to the Policy.

18. As detailed in the above paragraphs, the Insurance Company wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, the Insurance Company underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by the Plaintiffs. Further, the Insurance Company under-scoped, or under-evaluated, the damages during its investigation and, additionally, continues to delay in the payment of the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

19. The Insurance Company failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to

cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. The Insurance Company's conduct constitutes a breach of the insurance contract between the Insurance Company and Plaintiffs.

20. The Adjuster, a co-Defendant herein, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. The conduct of both the Insurance Company and the Adjuster constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices Act. TEX. INS. CODE § 541.060(a)(1).

21. The Insurance Company and the Adjuster failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices Act. TEX. INS. CODE § 541.060(a)(2)(A).

22. The Insurance Company and the Adjuster failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, these defendants failed to offer Plaintiffs adequate compensation and to provide any explanation why full payment was not being made. Furthermore, the Insurance Company and the Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices Act. TEX. INS. CODE § 541.060(a)(3).

23. The Insurance Company and the Adjuster failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from these

Defendants. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices Act. TEX. INS. CODE § 541.060(a)(4).

24. The Insurance Company and the Adjuster refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. This conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices Act. TEX. INS. CODE § 541.060(a)(7).

25. The Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act. TEX. INS. CODE § 542.055.

26. The Insurance Company failed to accept or to deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act. TEX. INS. CODE § 542.056.

27. The Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims Act. TEX. INS. CODE § 542.058.

28. From and after the time Plaintiffs' claim was presented to the Insurance Company, the liability of the Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, the Insurance Company has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. This conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. The Insurance Company and the Adjuster knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30. As a result of The Insurance Company and the Adjuster's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.

31. The Agent made material misrepresentations to Plaintiffs and which Plaintiffs relied upon to their detriment.

32. At all times material, the Adjuster and/or the Agent were acting as agents, servants and/or representatives of the Insurance Company.

33. Plaintiffs complied with all conditions precedent relevant to, or pertaining to, the subject matter of this lawsuit.

## VI.   CAUSES OF ACTION

### NON-COMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices Act. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

35. Defendants are individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of any other person or entity, because they are "persons" as defined by TEX. INS. CODE § 541.002(2). The term "persons" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (an insurance company employee is a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

36. Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(1).

37. Defendants' settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(2)(A).

38. The unfair settlement practice of Defendants, as made the basis of this lawsuit, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise or settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(3).

39. Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or to deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(4).

40. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD AGAINST ALL DEFENDANT PARTIES

41. Defendants are liable to Plaintiffs for common law fraud.

42. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendants knew was false or made recklessly without any knowledge of their truth as a positive assertion.

43. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD AGAINST ALL DEFENDANT PARTIES

44. Defendants are liable to Plaintiffs for conspiracy to commit fraud. Defendants were a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants committed an unlawful, overt act to further their object or course of action. Plaintiffs suffered injury as a proximate result thereof.

## CAUSES OF ACTION AGAINST THE INSURANCE COMPANY

45. THE INSURANCE COMPANY is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### BREACH OF CONTRACT

46. THE INSURANCE COMPANY'S conduct constitutes a breach of its insurance contract with Plaintiffs.

47. THE INSURANCE COMPANY'S failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of THE INSURANCE COMPANY'S insurance contract with Plaintiffs.

### NON-COMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48. THE INSURANCE COMPANY'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices Act. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

49. THE INSURANCE COMPANY'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(1).

50. THE INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though THE INSURANCE COMPANY'S liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(2)(A).

51. THE INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise or settlement of the claim constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(3).

52. THE INSURANCE COMPANY'S unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(4).

53. THE INSURANCE COMPANY'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(7).

**NON-COMPLIANCE WITH TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS**

54. THE INSURANCE COMPANY'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

55. THE INSURANCE COMPANY'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE § 542.055.

56. THE INSURANCE COMPANY'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.056.

57. THE INSURANCE COMPANY'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

58. THE INSURANCE COMPANY'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

59. THE INSURANCE COMPANY'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time THE INSURANCE COMPANY knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DECEPTIVE TRADE PRACTICES ACT

60. Defendants' conduct constitutes breaches of the warranty of good and workmanlike performance, as well as express warranties that the policy would cover the types of damage made the basis of this lawsuit. These warranties were made at the time the subject policy was sold. These breaches are actionable at common law and are brought here through Texas Business and Commerce Code § 17.50(a)(2). These acts herein also constitute breaches of express and implied warranties existing at Texas statutory and common law providing an independent basis for recovery over and above the Deceptive Trade Practices Act and the Texas Insurance Code.

61. Defendants' conduct was unconscionable as defined and made actionable by Texas Business and Commerce Code § 17.45(5) and § 17.46(a)(3).

### KNOWLEDGE

62. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in both the Texas Insurance Code and the Texas Business and Commerce Code, and was a producing cause of Plaintiffs' damages described herein.

### GROSS NEGLIGENCE

63. Defendants' conduct was negligent, and all of their conduct rises to the level of gross negligence and malice as defined by Chapter 41 of the Texas Civil Practices and Remedies Code.

### VII. DAMAGES

64. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

65. As previously mentioned, the damages caused by Hurricane Ike rendered Plaintiffs' residence severely damaged. These damages have not been properly addressed or repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws and legal duties set forth above.

66. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney fees.

67. For non-compliance with the Texas Insurance Code, Unfair Settlement Practices Act, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees.

For "knowing" conduct of the acts complained of, Plaintiffs ask for three times their actual damages. TEX. INS. CODE § 541.152.

68. For non-compliance with Texas Insurance Code, Prompt Payment of Claims Act, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

69. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to non-payment of the amount the insurer owed, exemplary damages and damages for emotional distress.

70. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

71. For deceptive trade practices, Plaintiffs are entitled to recover their actual damages from each Defendant, which includes the loss of the benefits that should have been paid, and mental anguish. They are also entitled to court costs and attorney's fees. For each defendant's "knowingly" violation, Plaintiffs ask for three times their actual damages.

72. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### VIII.   JURY DEMAND

73. Plaintiffs demand a jury trial and have tendered the appropriate fee.

## IX.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing Plaintiffs have judgment against Defendants for their damages as pleaded, for pre-judgment interest at the highest legal rate, for interest on the judgment at the highest legal rate, for attorney's fees, for all costs of court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully Submitted,

PROVOST ★ UMPHREY LAW FIRM, L.L.P.

By: _____
PAUL F. FERGUSON, JR.
State Bar No. 06919200
490 Park St.
P.O. Box 4905
Beaumont, Texas 77704-4905
(409) 835-6000 - telephone
(409) 813-8617 - facsimile

**ATTORNEYS FOR PLAINTIFF**